IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:09CV419 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROCHESTER ARMORED, and | ) | |
| JOHN DOE, 2 Unknown Courier | ) | |
| Staff, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff filed his complaint in this matter on November 23, 2009. (Filing No. 1.) The plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

The plaintiff filed his complaint on November 23, 2009, against Rochester Armored and two Unknown Courier Staff. (Filing No. 1 at CM/ECF p. 1.) The plaintiff is a nonprisoner residing in Omaha, Nebraska. (*Id*. at CM/ECF p. 8.)

Condensed and summarized, the plaintiff alleges state law negligence claims against the defendants. In 2009, the plaintiff visited the Department of Motor Vehicles ("DMV") to register his 1988 Chevy Caprice Classic. (*Id*. at CM/ECF p. 2.) When the plaintiff was finished he noticed that an "armoured [sic] truck" had negligently blocked him in. (*Id*. at CM/ECF p. 4.) The plaintiff went back into the DMV, located the courier and then exited behind him. When the plaintiff reached his vehicle a gunman opened fire on the courier. (*Id*. at CM/ECF p. 5.) The plaintiff "ran

for his life" and experienced "psychological and physical" damages. (*Id*. at CM/ECF pp. 6-7.)

The plaintiff seeks to invoke this court's diversity of citizenship jurisdiction because Rochester Armored "is [a] citizen of Minnesota" and he is a citizen of Nebraska. (*Id*. at CM/ECF p. 7.) He demands $100,000,000.00 in monetary damages for the "psychological and physical" harm Defendants inflicted. (*Id*.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III.   DISCUSSION OF CLAIMS**

As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Although the plaintiff has alleged an amount in controversy greater than $75,000.00 and that defendant Rochester Armored is a citizen of Minnesota, he has failed to specify the citizenship of the "Unknown Couriers." (Filing No. 1 at CM/ECF p. 7.) As discussed above, to establish "diversity of citizenship" jurisdiction, the plaintiff's citizenship must be different from the citizenship of *each defendant*. See *Ryan*, 263 F.3d at 819. Because the plaintiff has failed to allege the citizenship of the "Unknown Couriers," it is unclear whether this court has subject matter jurisdiction over the plaintiff's claims. See *Mortellite v. Novartis Crop Protection*, Inc., 460 F.3d 483, 494 (3d Cir. 2006) (stating John Doe parties destroy diversity jurisdiction if their citizenship cannot truthfully be alleged). On its own motion, the court will permit the plaintiff 30 days in which to amend his complaint to sufficiently allege the citizenship of the "Unknown Couriers." Any amended complaint shall restate the allegations of the plaintiff's prior complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If the plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, the plaintiff's complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that:

1. the plaintiff shall have until **February 22, 2010**, to amend his complaint in accordance with this memorandum and order. If the plaintiff fails to file an amended complaint, the plaintiff's complaint will be dismissed without further notice for lack of subject matter jurisdiction.

2. In the event that the plaintiff files an amended complaint, the plaintiff shall restate the allegations of the current complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. the clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **February 22, 2010**.

4. the plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated January 25, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.