IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:09CV419 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROCHESTER ARMORED, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on its own motion. On January 25, 2010, the court conducted an initial review of the plaintiff's complaint and determined that it was unclear whether the court had subject matter jurisdiction over the plaintiff's claims because he failed to allege the citizenship of the defendant "John Doe."[1] (Filing No. 6.) On its own motion, the court granted the plaintiff 30 days to amend his complaint. (*Id*.)

    On January 27, 2010, the plaintiff filed an Amended Complaint. (Filing No. 7.) This amended complaint cures the citizenship issue because it no longer contains claims against John Doe. (*Id*.) Indeed, the plaintiff's amended complaint now only alleges a negligence claim in the amount of $100,000,000.00 against Rochester Armored. (*Id*. at CM/ECF p. 25.) However, the court now questions the legitimacy of the plaintiff's damages allegation.

---

[1] The plaintiff attempted to invoke this court's subject matter jurisdiction on diversity of citizenship grounds. (Filing No. 1.) Under 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by* Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Here, the plaintiff alleges that the defendant caused him "psychological and physical" trauma and almost "cost [him] his life." (Filing No. 7 at CM/ECF pp. 23-25.) However, the plaintiff does not describe injuries or even explain how he was injured. In short, the court has serious doubts regarding "whether the amount alleged is legitimate." Thus, in accordance with *Trimble*, the court will require the plaintiff to show by a preponderance of the evidence that the damages amount alleged is legitimate. To prove an issue by a "preponderance of the evidence" means that "the trier of fact [ ] believe[s] that the existence of a fact is more probable than its nonexistence . . . ." *Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, n.9 (1997). Accordingly, this matter cannot proceed until the plaintiff proves that the existence of more than $75,000.00 of damages is more probable than its nonexistence.

IT IS THEREFORE ORDERED that:

1. the plaintiff shall have until March 15, 2010, to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional amount.

2. the clerk of the court is directed to set a pro se case management

deadline in this matter with the following text: March 15, 2010: deadline for the plaintiff to show jurisdictional amount by preponderance of evidence.

Dated February 16, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge