IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:09CV419 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROCHESTER ARMORED, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on its own motion. On January 25, 2010, the court conducted an initial review of the plaintiff's complaint and determined that it was unclear whether the plaintiff's allegations were sufficient to invoke this court's subject matter jurisdiction.[1] (Filing No. 6.) On its own motion, the court granted the plaintiff 30 days to amend his complaint. (*Id*.) Thereafter, the plaintiff filed an Amended Complaint. (Filing No. 7.)

On February 16, 2010, the court reviewed the plaintiff's amended complaint and questioned the legitimacy of the plaintiff's alleged amount in controversy. (Filing No. 8.) In that Memorandum and Order the court stated:

> Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking

---

[1]The plaintiff attempted to invoke this court's subject matter jurisdiction on diversity of citizenship grounds. (Filing No. 1.) Under 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

> federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).
>
> Here, the plaintiff alleges that the defendant caused him "psychological and physical" trauma and almost "cost [him] his life." (Filing No. 7 at CM/ECF pp. 23-25.) However, the plaintiff does not describe injuries or even explain how he was injured. In short, the court has serious doubts regarding "whether the amount alleged is legitimate." Thus, in accordance with *Trimble*, the court will require the plaintiff to show by a preponderance of the evidence that the damages amount alleged is legitimate. To prove an issue by a "preponderance of the evidence" means that "the trier of fact [ ] believe[s] that the existence of a fact is more probable than its nonexistence . . . ." *Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, n.9 (1997). Accordingly, this matter cannot proceed until the plaintiff proves that the existence of more than $75,000.00 of damages is more probable than its nonexistence.

(*Id*. at CM/ECF pp. 1-2.) The court gave the plaintiff until March 15, 2010, to file sufficient evidence to show that the amount in controversy in this matter exceeded $75,000.00. (*Id*. at CM/ECF p. 2.)

Rather than comply with the court's order, the plaintiff filed a motion for interlocutory appeal. (Filing No. 9.) The court denied this motion on March 1, 2010. (Filing No. 11.) The plaintiff later filed a Brief in Support of his Motion for Interlocutory Appeal. (Filing No. 12.) However, the plaintiff has not submitted any evidence to show that the amount in controversy in this matter is greater than $75,000.00. Accordingly, the plaintiff's amended complaint is dismissed.

IT IS THEREFORE ORDERED that:

1. the plaintiff's Amended Complaint (filing no. 7) is dismissed without prejudice for lack of subject matter jurisdiction and the plaintiff's failure to comply with this court's orders; and

2. a separate judgment will be entered in accordance with this Memorandum and Order.

Dated March 29, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge